UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                                          :
UNITED STATES OF AMERICA,         :

             v.                        :         94 Cr. 3 (TPG)

                                          :         **OPINION**
PHULMATTIE SAHADEO,             :

              Defendant.     :
------------------------------------------x

Defendant wrote a letter to the court dated October 28, 2010, which in effect requests the court to expunge her record in the above criminal case. The Government opposes the application. Treating the letter as a motion, the motion is granted.

On October 12, 1993, a Special Agent of the Immigration and Naturalization Service swore to a complaint charging nine members of the Sahadeo family, apparently siblings, with signing false Immigrant Visa and Alien Registration Forms in order to obtain permanent resident status in the United States. The complaint alleged that these forms were signed in 1988. The alleged falsity was to represent that they had a mother who was already a permanent resident of the United States and that she was not deceased. The fact is that the mother had been a permanent resident but was deceased.

One of the nine persons charged in the complaint was the above defendant, Phulmattie Sahadeo.

In January 1994, five of the nine were named as defendants in an indictment charging the aforesaid misrepresentation. Phulmattie was one of these five. The court has no information as to how the five were selected from the nine.

On March 19, 1998, the U.S. Attorney's Office moved to have the case terminated with a <u>nolle</u> <u>prosequi</u>. The application stated:

> Based on a review of the evidence in the case and information pertaining to the defendants acquired subsequent to the filing of the Indictment, and based upon the defendants' successful completion of pretrial diversion, it has been concluded that further prosecution of the defendants would not be in the interests of justice.

The court approved the application on March 26, 1998.

The court heard nothing more about the case until Phulmattie wrote the court on October 28, 2010, stating that she was no longer able to obtain employment in banking, which she says is the occupation she attempts to pursue. She had applied for a position at Citibank, and her letter states that Citibank said the only way they could hire her is if her case was expunged. She has two young children and as of the time of the letter was going through a divorce and badly needed a job to feed her children.

The court referred the matter to the U.S. Attorney's Office on November 30, 2010, construing the letter as a motion for expungement. The Government responded with a letter dated December 30, 2010, opposing the application, and correctly citing cases which indicate that expungement lies within the equitable discretion of the court, but is

usually granted only in extreme circumstances, and that even severe financial difficulty is not generally considered to amount to such circumstances. See United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); United States v. King Fung Lau, No. 94-1681, 2003 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Nov. 12, 2003). The court then wrote to the U.S. Attorney's Office asking for further information, as follows:

> How old was Phulmattie Sahadeo at the time the relevant activities started in 1986? What was her age in relation to the other persons named in the complaint?
> The nolle prosequi states in part that the nolle was being proposed based "on a review of the evidence in this case and information pertaining to the defendants acquired subsequent to the filing of the Indictment." I would appreciate knowing what the review of the evidence showed and also what was shown by the information acquired subsequent to the indictment.

The Office responded on October 24, 2011, with the following information. Phulmattie was 20 years old at the time she signed the false document. She was next to the youngest of the nine persons named in the complaint. She was the youngest of the five persons named in the indictment. The ages of those charged in the complaint ranged from 19 years to 39 years. The ages of those named in the indictment ranged from 20 years to 32 years. This information raised the question as to whether Phulmattie was following the lead of one or more older siblings in signing the improper form. It is difficult to believe that all nine family members, or all five, would join together as equals in wrongdoing of the kind charged here.

The U.S. Attorney's Office was not able to check out the facts in a complete way because of the age of the case, but the letter of October 24 contains some substantial illumination.

> Based upon notes and other documents, however, it appears that the Government was told that, while Sahadeo and her siblings signed the Immigrant Visa and Alien Registration Form in which they swore that their mother was not deceased, another individual ("CC-1") who was not charged in the Complaint (or the Indictment) had actually filled out the forms and given it to them to sign.

Thus, there is reason to believe that Phulmattie played no role in conceiving or planning the unlawful conduct, and that she committed her illegal act at the instance of another person, if such illegal act was actually committed.

It is the view of the court that Phulmattie deserves to be relieved of the impediment placed upon her by a criminal record. The Government did not pursue the case but ended it with a <u>nolle</u> <u>prosequi</u>. The Government has not sought to remove Phulmattie from the United States. There is no indication that Phulmattie has lived here as anything other than a law-abiding person. There is no reason to believe that she is not eligible to pursue a banking career or any other lawful career for which she is suited.

This case is distinguishable from other criminal cases where expungement might conceivably be sought in that Phulmattie was charged with a group of older siblings, and indeed someone other than the siblings did the actual filling out of the improper forms, giving them

to the siblings to sign. The Government essentially concedes that Phulmattie's culpability was of a very low order.

The motion for expungement is granted. The Government is requested to propose a proper form of order or judgment to carry out the ruling of this opinion.

Dated: New York, New York
       November 17, 2011

SO ORDERED

/s/ Thomas P. Griesa
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/11